**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**TROY ZANDERS,**

>   **Petitioner,**

**vs.**                                                          **Case No. 4:07cv83-MP/WCS**

**JAMES McDONOUGH,**

>   **Respondents.**

                                          /


**AMENDED REPORT AND RECOMMENDATION**

This cause is before the court on Petitioner's response to order to show cause.

Doc. 8.  Petitioner responds to the order entered on the docket on May 16, 2007,

directing a response by June 23, 2007.[1]  Doc. 6 (incorporated herein by reference).  A

report and recommendation was then entered to dismiss this case for Petitioner's failure

to respond to the order.  Doc. 7.  Petitioner's response was filed on June 21, 2007, the

date it was provided to prison officials for mailing, and dismissal for failure to respond is

not appropriate.

---

[1] The date was selected in error.  June 23 was a Saturday, and the court does
not set weekends or holidays as due dates for filing.

On review of the response, however, it appears that the 28 U.S.C. § 2254 petition should be summarily dismissed for the reasons set forth in the order to show cause.  This amended report and recommendation is entered to replace doc. 7.

The order to show cause noted that the § 2254 petition appeared to be untimely under 28 U.S.C. § 2244(d)(1).  Doc. 6, pp. 1-2 and n. 1 (explaining the one year time limit, possible commencement dates for the one year period, and the tolling provision of § 2244(d)(2)).  Petitioner's responds "that the instant petition is timely under the exception to the procedural bar defense," as there is no procedure in state court currently available for his claim.  Doc. 8, p. 1.  He cites cases regarding exhaustion and procedural default, and claims that "based on the aforementioned exceptions, petitioner's federal habeas corpus petition is considered timely."  *Id.*, p. 2.  The fact that remedies are no longer available in state court is not relevant to timeliness.  Petitioner has not alleged that a later commencement date for the one year period should apply, or alleged entitlement to tolling of the period.

The order to show cause also noted that Petitioner had not alleged a denial of due process, and explained that acquittal of new criminal charges did not preclude revocation of probation based on the same conduct.  Doc. 6, pp. 3-4 and n. 2.  Petitioner responds "that there are no magic words to state a due process claim," and had he "proceeded to trial first, there would be no reason for the violation where the same conduct . . . was the cause of the violation of probation."  Doc. 8, p. 2 (citation omitted).  His intended point is unclear, and his claim still fails for the reasons previously stated.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition be

**SUMMARILY DISMISSED** as untimely and for failure to state a cognizable claim.

**IN CHAMBERS** at Tallahassee, Florida, on July 3, 2007.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:07cv83-MP/WCS